**ORIGINAL**

JAMES IREIJO   HI Bar: 1927
P. O. Box 576
Cool, CA 95614-0576
Tel: 530/885-4133
Fax: 530/885-1322
Hilo Tel: 808/961-3277
Hnl Tel: 808/988-7720
email: waikikilawyer@thegrid.net

Attorney For Plaintiff
JOHN RENO



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 0 6 2006

at __ o'clock __ min. __ M
SUE ___ CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN RENO, | ) Case No. CV 02-808 MEA KSC |
| | ) |
| Plaintiff, | ) PLAINTIFF'S MEMORANDUM |
| | ) IN OPPOSITION TO |
| | ) DEFENDANT'S MOTION FOR |
| | ) SUMMARY JUDGMENT; |
| vs. | ) DECLARATION OF COUNSEL; |
| | ) CERTIFICATE OF SERVICE |
| | ) |
| | ) Hearing Date On Defendant's |
| | ) Motion For Summary Judgment |
| UNITED STATES OF AMERICA, | ) Date: **January 22, 2007** |
| | ) Time: **9:00 A.M.** |
| | ) Judge: **Hon. Marvin E. Aspen** |
| Defendant. | ) |
| | ) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Comes now, the Plaintiff John Reno, by his Attorney, James Ireijo, and

1

submits his Memorandum In Opposition To Defendant's Motion For Summary Judgment.

As a preliminary matter, the Plaintiff only received Defendant's 2 expert opinions, Drs. Lawrence J. Eron, and Martin Blinder, on November 6, 2006. Defendant clearly violated the Court's order dated December 20, 2005, requiring the production of their expert opinions by August 4, 2006, or about 3 months earlier. Discovery cut-off in this case was previously set for November 6, 2006, the same day in which Plaintiff's counsel received 2 reports. As such, the Plaintiff has not had a fair opportunity to rebut their expert witness opinion's with it's own experts. Plaintiff's counsel anticipated a problem with deadlines and thus filed his Motion To Enlarge Time To Conduct Discovery And For Other Relief on October 19, 2006, which has yet to be heard. Plaintiff's counsel further files herein a FRCP 56(f) Declaration explaining why further discovery is necessary in order to further clarify their position and/or to further rebut Defendant's 2 expert opinions just received. Regardless, the Plaintiff has sufficient evidence to dispute the material facts in this case.

### I. Plaintiff Provides Material Facts In Dispute

A. Plaintiff has provided evidence of breach of the requisite medical standard of care:

According to Dr. Bernard A. Michlin, while Plaintiff was under the care of Defendant's Tripler Hospital in the summer of 1999, he was negligently treated by Defendant's failure of it's doctors to observe his Complete Blood Count ("CBC's"), and/or medical lab reports prior to his discharge. Thereafter, Plaintiff was negligently suffered leukopenia and was injured. (See Plaintiff's Concise Statement Of Facts, paragraph 1, 2, and 3).

B. Plaintiff provides further evidence that the breach of the medical standard of care is a proximate cause of his injuries and damages. (See Plaintiff's Concise Statement Of Facts, paragraph 3). Still further, Dr. Stephen J. Morewitz states that Defendant's medical care caused or contributed to Plaintiff's current mental disturbances, including but not limited to Post Traumatic Stress Disorder. (See Plaintiff's Concise Statement Of Facts, paragraph 4). According to economist Dr. Jack P. Suderhoud, the economic loss of wages amount to over one million dollars. (See Plaintiff's Concise Statement Of Facts, paragraph 5).

More evidence to controvert Defendant's material facts can be provided by Plaintiff. Unfortunately, Plaintiff's counsel did not receive the 2 expert witness opinions of Defendant, Drs. Lawrence J. Eron and Martin Blinder, until November 6, 2006. Plaintiff has filed his Motion To Enlarge Time In Which To Conduct Discovery in this case.

## II. Argument

In the case before the Court, Defendant has just provided it's 2 expert opinions in this case by it's receipt on November 6, 2006. The nonmovant must be given an opportunity to file a response, but it is not required to do so. **Members v. Paige**, 140 F.3d 699, 701 (7th Cir.1998). If the nonmovant does not file a response, the motion will not automatically result in summary judgment for movant. **Champion v. Artuz**, 76 F.3d 483, 486 (2nd Cir. 1996); **Anchorage Assocs. v. Virgin Islands Bd. Of Tax Rev.**, 922 F.2d 168, 175 (3dCir.1999). In the present case, Plaintiff's medical experts have not had the fair opportunity to review Defendant's expert reports of Dr. Lawrence Enron dated December 4, 2003, and Dr. Martin Blinder's report dated December 12, 2003. Nevertheless, Plaintiff provides more than sufficient evidence herein to present material facts in dispute.

As stated earlier, Plaintiff respectfully requests more time to conduct discovery necessary to further rebut Defendant's Motion For Summary Judgment.

DATED: Cool, CA, November 21, 2006.

_____
JAMES IREIJO