

JAMES IREIJO    HI Bar: 1927
P. O. Box 576
Cool, CA 95614-0576
Tel: 530/885-4133
Fax: 530/885-1322
Hilo Tel: 808/961-3277
Hnl Tel: 808/988-7720
email: waikikilawyer@thegrid.net

Attorney For Plaintiff
JOHN RENO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN RENO,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | ) Case No. CV 02-808 MEA KSC<br>)<br>) PLAINTIFF'S CONCISE<br>) STATEMENT OF FACTS;<br>) EXHIBITS "A" - "C";<br>) CERTIFICATE OF SERVICE<br>)<br>) Hearing Date On Defendant's<br>) Motion For Summary Judgment<br>) Date: **January 22, 2007**<br>) Time: **9:00 A.M.**<br>) Judge: **Hon. Marvin E. Aspen**<br>)<br>) |

**PLAINTIFF'S CONCISE STATEMENT OF FACTS**

Comes now, the Plaintiff John Reno and submits his Concise Statement Of Facts in opposition to Defendant's Motion For Summary Judgment.

1

| Plaintiff's Controverted Material Facts Presented: | Citation: |
|---|---|
| **1. No adequate observing of Lab reports.**<br><br>The Plaintiff's lab report on July 20, 1999, or two days before his discharge was abnormal; Thus, Defendant has no proof of a normal lab report on July 22, 1999, his date of discharge before his return for neutropenia on July 30, 1999. | See Patient Cumulative Report (lab report) filed within Status Conference Report on December 15, 2005. Exhibit "A". |
| **2. Plaintiff's proof of breach of the requisite medical standard of care:**<br><br>"5. Based upon my review of John Reno's medical records at Tripler Hospital in the summer of 1999, and based upon medical probability, it is my opinion that the medical treatment rendered by Tripler Hospital medical staff to John Reno was below the medical standard of care or was breached to have been treating John Reno with antibiotic therapy without doing CBC's to observe for any complications such as in his case severe leukopenia". | See Declaration of Bernard A. Michlin, M.D., dated March 31, 2005, filed herein on April 8, 2005. (Within Supplemental Declaration of James Ireijo, Ex. "A") (Extracted pages, Exhibit "B" herein). |

**3. Plaintiff's proof of proximate cause of injury**

2

**or damages**:

"6. Based upon medical probability, the failure by Tripler Hospital medical staff as a result of the breach of the medical standard of care is a proximate cause of John Reno's resultant injuries and damages".

See Declaration of Bernard A. Michlin, M.D., dated March 31, 2005, filed herein on April 8, 2005, above referenced. (Extracted pages, Exhibit "B" herein).

### 4. Plaintiff's proof of proximate cause of injury or damages (emotional distress)

"This reviewer is of the opinion, which he holds to a reasonable degree of certainly in his field of expertise, that Mr. Reno suffers from Post Traumatic Stress Disorder, as diagnosed and set forth in the medical records as well as panic problems, and depression...This reviewer is further of the opinion that the complications suffered by Mr. Reno as a result of his medical care caused or contributed to his mental disturbances...The basis for the above opinion is that Mr. Reno suffered a significant additional stress on top of his pre-existing military service stress issues, when he was isolated for treatment of bone marrow disease and when he was facing the prospect of a very serious and permanent medical condition. It is known that individuals who suffer an actual and serious physical condition can reach psychologically to this problem and that this in the presence of other psychological problems can act synergistically to create a bigger problem yet".

See Report of Dr. Stephen J. Morewitz, dated July 3, 2006, page

|   |   |
|---|---|
|   | 1, filed herein on July 5, 2006.<br>(Extracted page, Exhibit "C"). |
| 5. **Plaintiff's proof of economic damages**: |   |
| "I have calculated the present value of loss income and retirement benefits to Mr. Reno to be **$1,011 million**". | See Dr. Jack P. Suyderhoud Report dated July 5, 2006, filed herein on July 5, 2006.<br>(Extracted page, Exhibit "D"). |

DATED: Cool, CA, November 21, 2006.

_____
JAMES IREIJO