FILED

**NOT FOR PUBLICATION**

JUN 20 2008

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN RENO,  Plaintiff - Appellant,  v.  UNITED STATES OF AMERICA,  Defendant - Appellee. | No. 07-15593  D.C. No. CV-02-00808-MEA/KSC  MEMORANDUM [*] |

Appeal from the United States District Court
for the District of Hawaii
Marvin E. Aspen, District Judge, Presiding

Submitted June 18, 2008[**]
Honolulu, Hawaii

Before: GOODWIN, RYMER, and IKUTA, Circuit Judges.

John Reno appeals the district court's summary judgment in favor of the

United States in his medical malpractice action filed under the Federal Tort Claims

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Act, 28 U.S.C. § 2671 *et seq.*  We review de novo, *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1088 (9th Cir. 2008), and we affirm.

The district court properly granted summary judgment on Reno's negligence claim.  Reno's expert report and declaration did not create a genuine issue of material fact as to whether the government's conduct during and after the knee surgery breached the standard of care or whether the breach caused his injuries.  The expert reports were inadequate because they were conclusory and failed to explain in any meaningful way the basis for the opinions.  Notably, Dr. Michlin's declaration provided no discussion of acceptable medical practices, or any other explanation for its conclusion that Reno's treatment was below the medical standard of care.  *See Craft v. Peebles*, 893 P.2d 138, 149 (Haw. 1995) (discussing the elements of medical malpractice under Hawaii law).

The court also properly denied Reno's motion for additional discovery.  Because Reno asserted that he needed additional discovery only if summary judgment were denied, his motion was moot.  Further, the motion did not comply with the requirements of Rule 56(f) of the Federal Rules of Civil Procedure because Reno did not identify specific facts he hoped to discover that would support his claim.  *See Cont'l Mar. of San Francisco, Inc. v. Pac. Coast Metal Trades Dist. Council, Metal Trades Dep't*, 817 F.2d 1391, 1395 (9th Cir. 1987).

AFFIRMED.